AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| SADE TAYLOR | ) |
| _Plaintiff_ | ) |
| v. | ) |
| THE CITY OF NEW YORK, et al. | ) |
| _Defendant_ | ) |

Civil Action No.  12 CV 9415 (AJN)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Sergeant Kevin O' Doherty [Tax 921025]
Special Operations Division
Floyd Bennet Field
50 Aviation Road
Brooklyn, NY, 11234

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane - 12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
_CLERK OF COURT_

Date:  MAY 2 4 2013

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| SADE TAYLOR | )  )  ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   12 CV 9415 (AJN) |
| THE CITY OF NEW YORK, et al. | )  )  ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Detective Steven Carra [Tax 923631]
25th Precinct
120 E. 119 Street
New York, NY, 10035

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane - 12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date:   MAY 2 4 2013

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| SADE TAYLOR | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  12 CV 9415 (AJN) |
| THE CITY OF NEW YORK, et al. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Alexandra Maldonado [Tax 938917]
Narcotics Division
1 Police Plaza, Room 1100
New York, NY, 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane - 12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: _____ MAY 2 4 2013 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| SADE TAYLOR | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   12 CV 9415 (AJN) |
| THE CITY OF NEW YORK, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The City of New York
c/o The New York City Law Department
100 Church Street
New York, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane - 12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: MAY 2 4 2013    _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

SADE TAYLOR

_____

*Plaintiff*

v.

THE CITY OF NEW YORK, et al.

_____

*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.   12 CV 9415 (AJN)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Terrence Williams [Tax 942711]
32nd Precinct
250 West 135th Street
New York, NY, 10030

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane - 12th Floor
New York, NY 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: _____MAY 2 4 2013_____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SADE TAYLOR,

                              Plaintiff,                    **AMENDED COMPLAINT**

            -against-                                        Index No.:  12CV9415 (AJN)

THE CITY OF NEW YORK,                                       JURY TRIAL DEMANDED
POLICE OFFICER TERRENCE WILLIAMS [TAX 942711],
POLICE OFFICER ALEXANDRA MALDONADO [TAX
938917], DETECTIVE STEVEN CARRA [TAX 923631],
and SERGEANT KEVIN O'DOHERTY [TAX 921025],

                              Defendants.
------------------------------------------------------------------------X

        Plaintiff, SADE TAYLOR, by and through her attorneys, **LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

### PRELIMINARY STATEMENT

        1.      This is a civil rights action in which the plaintiff, SADE TAYLOR, seeks relief

for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§

1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United

States Constitution, and of rights secured under the laws and Constitution of the State of New

York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable

relief, an award of costs, interest and attorney's fees, and such other and further relief as this

Court deems equitable and just.

1

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights

3.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.      The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.      Venue herein is proper for the United States District Court for the SOUTHERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.   That plaintiff, pursuant to General Municipal Law 50(h), was produced for a statutory hearing and this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

2

## JURY TRIAL DEMAND

8.   Plaintiff hereby demands a trial by jury of all issues in this action that are triable.


## PARTIES

9.     Plaintiff, SADE TAYLOR, is an adult female and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Bronx.

10.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant, THE CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant, THE CITY OF NEW YORK, assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

12.     Defendants POLICE OFFICER TERRENCE WILLIAMS [TAX 942711], POLICE OFFICER ALEXANDRA MALDONADO [TAX 938917], DETECTIVE STEVEN CARRA [TAX 923631], and SERGEANT KEVIN O'DOHERTY [TAX 921025], are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. At the end of the incident the defendants were assigned to a local area precinct believed to be the

3

32nd Precinct. The defendants are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant, THE CITY OF NEW YORK. The defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

13.     On or about OCTOBER 26, 2011, at approximately 12:00 p.m., plaintiff was lawfully walking on 145th Street at or near its intersection with Lenox Avenue, in the County, City and State of New York (the "scene") when the individual defendants arrived in an NYPD vehicle.

14.     Upon their arrival at the scene, defendants, Police Officer Terrence Williams [Tax 942711] and Police Officer Alexandra Maldonado [Tax 938917], exited their vehicle and approached plaintiff.

15.     The plaintiff was not engaged in any suspicious or illegal conduct, and complied with defendants' requests.

16.     Without any legal basis or justification for doing so, the defendants Williams and Maldonado seized and searched plaintiff.

17.     The search yielded no evidence of gun, drugs, or contraband.

18.     Despite the absence of any evidence of wrongdoing in the part of plaintiff,

defendants Williams and Maldonado applied excessively tight handcuffs to the plaintiff and formally arrested her.

19.     Plaintiff was then taken to a local area precinct believed to be the 32nd Precinct, where she was held for several hours before being transferred to New York County Central Booking where she was held for several more days.

20.     Plaintiff was eventually summarily released from New York County Central Booking without seeing a judge or lawyer, without explanation and without being arraigned. Accordingly, the plaintiff's charges were resolved in her favor.

21.     The factual allegations sworn to and made by defendants Williams, Maldonado, Carra and O'Doherty against plaintiff to justify her arrest and detention were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

22.     It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that she had engaged in any unlawful conduct.

23.     At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

24.     At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

25.     At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

5

26.     At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

27.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

28.     At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION

29.     Plaintiff, SADE TAYLOR, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30.     By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of SADE TAYLOR and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of the defendants, the defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

31.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and

6

emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION

32.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33.    At all times material to this complaint, defendant, THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

34.    At all times material to this complaint, defendant, THE CITY OF NEW YORK, failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff's rights.

35.    Defendant, THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.  Defendant, THE CITY OF NEW YORK, is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences.  There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are

officially tolerated by defendant, THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

36. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

37. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

38. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

8

39.    The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

      a.   Using excessive force on individuals, including but not limited to those who have already been handcuffed;

      b.   Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

      c.   Discouraging police officers from reporting the corrupt or unlawful acts of others;

      d.   Retaliating against officers who report police misconduct; and

      e.   Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

40.    The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

      a.   *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

      b.   *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

      c.   *Zabala v. City of New York,* 37711/2010 (Sup. Ct. Kings Co.);

      d.   *Ashe v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

      e.   *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

      f.   *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

      g.   *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (S.D.N.Y.);

      h.   *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

      i.   *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

41.     In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department.   Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

42.     It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

43.     As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, SADE TAYLOR, by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

44.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was

10

otherwise damaged and injured.

45.     As a direct result of defendant's actions, plaintiff suffered a denial of her federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, SADE TAYLOR, by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

46.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION

47.     Plaintiff, SADE TAYLOR, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48.     That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK, assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondent superior*.

49.     On October 26, 2011 at the aforementioned location Plaintiff, SADE TAYLOR, was detained and held under the imprisonment and control of the defendants under false pretenses.

50.     That on or about October 26, 2011, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under

11

authority of the NEW YORK CITY POLICE DEPARTMENT, falsely arrested and imprisoned the Plaintiff, SADE TAYLOR, without warrant, authority of law or probable cause therefore.

51.     That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining plaintiff against her will and without her consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

52.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

53.     That plaintiff, SADE TAYLOR, was conscious of the confinement.

54.     That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff, SADE TAYLOR, was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

55.     By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and

12

damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

56.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

57.     Plaintiff repeats and reiterates the foregoing allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58.     The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

59.     More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges.  The arresting officers would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the person arrested.

60.     The purposes of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

61.     In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria.  Thus, members of the Narcotics Bureau routinely make

13

arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

62.    The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individual arrested were not being charged or that there was insufficient evidence to justify the arrest that the arresting officers were seeking to bolster the arrest with false allegations, and that the prosecuting officers often had found insufficient cause to justify the imposition of charges or continued prosecution is charges were filed.

63.    In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in drug units."   The judge further stated that the testimony demonstrated that the NYPD narcotics division maintains a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

64.    That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

65.    Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

14

66.     By reason thereof, the defendant has violated Title 42 U.S.C.A § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

67.     Plaintiff, SADE TAYLOR, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

68.     Defendants negligently caused injuries, emotional distress and damage to the plaintiff, SADE TAYLOR.   The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION

70.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71.     Defendant, THE CITY OF NEW YORK, negligently hired, screened, retained, supervised and trained the individual defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered a loss

15

claims herein;

d.  Costs and interest and attorneys' fees;

e.  Such other further relief as this court may deem appropriate and

equitable.

Dated: New York, New York
       May 23, 2013

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
    JESSICA MASSIMI, Esq. (JM-2920)
    80 Maiden Lane, 12th Floor
    New York, New York 10038
    (212) 962-1020

17